# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| YVONNE MEZOFF,<br>individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>JOEST LLC and<br>JOSEPH DEQUATTRO,<br><br>        Defendants. | Case No. _____ |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C §§ 1331, 1367, 1441, and 1446, Defendants, Joest LLC ("Joest") and Joseph DeQuattro ("DeQuattro") (collectively, at times, "Defendants"), hereby remove the above-captioned action from the Norfolk County Superior Court of the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts pursuant to this Notice of Removal, in further support of which the Defendants state as follows:

   1.  Defendants are named as defendants in a civil action filed by Plaintiff Yvonne Mezoff, individually and on behalf of all others similarly situated ("Plaintiff"), which is pending in the Norfolk County Superior Court of the Commonwealth of Massachusetts and entitled *Yvonne Mezoff, individually and on behalf of all others similarly situated v. Joest LLC and Joseph Dequattro*, C.A. No. 2582CV01299 (the "State Court Action"). While Defendants contend that the Complaint lacks any merit, the Complaint purportedly arises out of Plaintiff's employment with Joest LLC and asserts claims under both state and federal law.

1

2. Removal of this action is proper under 28 U.S.C. § 1331 because it presents a federal question, as the Complaint contains allegations based on the Fair Labor Standards Act, 29 U.S.C. §§ 201 (hereinafter "FLSA"). The Complaint also contains state law claims. Removal of this action is proper under 28 U.S.C. § 1367 because Plaintiff's state law claims "are so related to claims in th[is] action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28. U.S.C. §1367(a). *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988) ("[A] federal court has jurisdiction over an entire action, including state-law claims, whenever the federal-law claims and state-law claims in the case derive from a common nucleus of operative fact and are such that [a plaintiff] would ordinarily be expected to try them all in one judicial proceeding." (internal quotation and citation omitted)); *Thompson v. Evolve Bank & Trust*, 791 F.Supp.3d 236, 246-47 (D. Mass. 2025)(explaining that the court "has jurisdiction where state and federal claims derive from 'a common nucleus of operative fact,' and when the claims are such that a party would 'ordinarily be expected to try them all in one judicial proceeding'").

3. Plaintiff's claims of non-payment of overtime wages in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 are based on the same allegations regarding alleged non-payment of overtime serving as the basis for Plaintiff's state law claims. Therefore, all of Plaintiff's claims, both federal and state, "derive from a common nucleus of operative fact" such that this Court can exercise supplemental jurisdiction.

4. Venue is proper in this Court under 28 U.S.C. § 1441(a) and 28 U.S.C. § 101.

5. On January 15, 2026, Plaintiff served the Summons and Complaint on Joest.

6. Upon information and belief, as of the date of this filing, DeQuattro has not been served with process.

7.     Attached as **<u>Exhibit A</u>** are all papers served upon Joest in the State Court Action, including the Summons and Complaint.

8.     Defendants are filing this Notice within 30 days of service of the Summons and Complaint on Joest, and within the time for filing this Notice. The Complaint was served on Joest on January 15, 2026. Because removal is made within thirty (30) days of service, this Notice of Removal is timely. *See* 28 U.S.C § 1446(b); *Novak v. Bank of New York Mellon Trust Co.*, 783 F.3d 910, 911 (1st Cir. 2015) (holding that a "defendant's statutory period to remove does not begin to run, and a defendant is not required to remove, until the defendant has been served.") (emphasis in original) (citing *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S 344, 347-48 (1999)).

9.     Notice has been provided, pursuant to 28 U.S.C. § 1446(d), to all Parties and the State Court. Defendants will concurrently file a Notice of Filing Notice of Removal with the Clerk of the Norfolk County Superior Court, and will serve a copy on Plaintiff pursuant to 28 U.S.C § 1446(a) and (d). Attached hereto as **<u>Exhibit B</u>** is a copy of the Notice of Filing Notice of Removal, excluding exhibits.

10.    Defendants will cause to be filed a certified or attested copy of the state court record with this Court within twenty-eight (28) days after the filing of this Notice, or promptly upon receipt from the Clerk of the Norfolk County Superior Court, in accordance with Local Rule 81.1(a).

11.    By filing this Notice of Removal, Defendants do not waive any defenses available to them. Defendants do not admit, and in fact specifically deny, that the Complaint states a claim upon which relief may be granted, or that Plaintiff is entitled to any damages, or any other relief sought in the Complaint.

WHEREFORE, Defendants give notice that the above action now pending in the Superior Court of the Commonwealth of Massachusetts, Norfolk County, is removed from that Court to this United States District Court for the District of Massachusetts.

        Respectfully submitted,

        Defendants,

        **JOEST LLC AND JOSEPH DEQUATTRO,**

        By their attorneys,

        /s/ *Zachary M. Wallack*
        Zachary M. Wallack (BBO #687965)
        Carson M. Shea (BBO #694237)
        Trevin C. Schmidt (BBO #703916)
        ECKERT SEAMANS CHERIN & MELLOTT, LLC
        Two International Place, 16th Floor
        Boston, MA  02110-2602
        Telephone: 617.342.6800
        Facsimile: 617.342.6899
        zwallack@eckertseamans.com
        cshea@eckertseamans.com
        tschmidt@eckertseamans.com

Dated:  February 4, 2026

## CERTIFICATE OF SERVICE

I, Zachary M. Wallack, hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent via U.S. mail, postage prepaid, to those parties which are non-registered participants.

        /s/ *Zachary M. Wallack*
        Zachary M. Wallack (BBO #687965)

Dated: February 4, 2026